PATRICK L. FORTE, #80050
ANNE Y. SHIAU, #273709
LAW OFFICES OF PATRICK L. FORTE
One Kaiser Plaza, #480
Oakland, CA 94612
Telephone: (510) 465-3328
Facsimile: (510) 763-8354

Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 09-44358 RLE |
| OMAR AHMED and NEMA MOHAMED, | Chapter 13 |
| Debtors. | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEBTORS' MOTION TO VALUE LIEN |
| _____/ | |

1. On May 21, 2009, Debtors Omar Ahmed and Nema Mohamed ("Debtors") filed their bankruptcy petition.

2. Also on May 21, 2009, Debtors filed their chapter 13 plan, which states Debtors' intention to strip the second lien of Washington Mutual from their residence. Chase Home Finance ("Chase") is the successor to Washington Mutual.

3. As is more fully described in the Declaration of Debtor in Support of the Motion, as of the petition date, Debtors' residence was worth $450,000.00.

4. Debtors owe approximately $515,418.44 to the first position creditor.

5. Pursuant to 11 U.S.C. § 1322(b)(2), Debtors' plan may "modify the rights of holders of unsecured claims."

Case: 09-44358   Doc# 36-1   Filed: 04/14/11   Entered: 04/14/11 17:13:32   Page 1 of 2

1      6. The court, pursuant to 11 U.S.C. § 506 and FRBP 3012, has the
2  authority to determine whether a debt is secured or unsecured and the
3  value of any lien a creditor may hold.  See *In re Zimmer* F.3d 1220
4  (9th Cir. 2002); *In re Lam*, 211 B.R. 36 (1997).
5      7. Therefore, the court has the authority to determine that for
6  purposes of Debtors' chapter 13 plan only, a second position
7  creditor's lien is valued at zero, the creditor does not have a
8  secured claim, and the lien may not be enforced.
9      8. Given the value of the house and the value of the first claim,
10 there is no equity to which the second deed of trust can attach.
11     For the foregoing reasons, Debtors pray that:
12     1. For purposes of Debtors' chapter 13 plan only, the court value
13 Chase's second lien at zero, hold that Chase does not have a secured
14 claim, and hold that Chase's second lien may not be enforced, pursuant
15 to 11 U.S.C. §§ 506, 1322(b)(2), and 1327; and
16     2. Upon entry of a discharge in Debtors' chapter 13 case, Chase's
17 second lien shall be voided for all purposes, and upon application by
18 Debtors, the court will enter an appropriate form of judgment voiding
19 the lien.

Dated: April 11, 2011                /s/  Patrick L. Forte
                                                PATRICK L. FORTE
                                                Attorney for Debtors